# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALICIA COHAGEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No: CIV-23-433-SLP |
| ELK CITY PUBLIC SCHOOLS, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Alicia Cohagen, by and through her attorney, Katherine Mazaheri, hereby files this Complaint against Defendant, Elk City Public Schools.

## PARTIES

1. Plaintiff, Alicia Cohagen (hereinafter "Plaintiff"), is an individual resident residing in Sayre, Oklahoma.

2. Plaintiff is a former employee of Defendant, Elk City Public Schools (hereinafter "ECPS." and "Defendant").

3. Defendant, ECPS, is an Oklahoma State public school, operating in Elk City, Oklahoma, within the Western District of Oklahoma.

## NATURE OF CASE

4. Plaintiffs alleges pregnancy discrimination, including retaliation for requesting accommodations and attempted exercise of her FMLA rights, in violation of the Family Medical Leave Act, Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e *et seq.*, as amended; the Pregnancy Discrimination

Act of 1978 (hereinafter "PDA"), 42 U.S.C. §2000e(k). Plaintiff also brings a state law claim for sex discrimination and disability discrimination as prohibited by the Oklahoma Anti-Discrimination Act (hereinafter "OADA"), *see* 25 O.S. §1101 *et seq*.

5. Plaintiff alleges federal claims pursuant to 42 U.S.C. § 1981 for discrimination and retaliation on the basis of disability. Plaintiff also brings a state law cause of action for wrongful discharge in violation of Oklahoma public policy disability discrimination as set forth in the Oklahoma Anti-Discrimination Act, *et. seq.* ("OADA").

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to section 706(f) of Title VII of the Civil Rights Act of 1964, 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 626(c), and 42 U.S.C. 2000e-5(f)(3). Plaintiff also brings a pendant state law claim under 25 O.S. § 1101 *et. seq*. This Court has jurisdiction over pendant state law claims pursuant to 28 U.S.C. § 1367(a).

2. Venue in this district is proper pursuant to 28 U.S.C. §1391 (b)–(c), because Defendants operate in this district and the unlawful conduct giving rise to the claims occurred in this district.

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1981(a).

4. Costs and attorney fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k) and Fed. R. Civ. P. 54.

5. This action properly lies in the District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. § 1391(b) because the claim arose in this district, and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practice occurred in this district.

## CONDITIONS PRECEDENT

6. Pursuant to *Jackson v. St. Charles Par. Hous. Auth. Bd. of Commissioners* FMLA discrimination does not require exhaustion of administrative remedies before bringing suit in federal court.

7. Unlike Title VII's administrative requirements, FMLA discrimination claims do not require a Right to Sue Letter before filing a civil action. *Ruh v. Superior Home Health Care, Inc.*

8. Plaintiff has no duty to exhaust administrative remedies under the law. *Mackey v. Cont'l Airlines*.

## GENERAL ALLEGATIONS

9. Plaintiff began employment for ECPS on August 13, 2014. At the time of Plaintiff's termination, she was employed as an Administrative Assistant.

10. Beginning on or about November 2021, and continuing through the end of her employment with Defendant ECPS, Plaintiff was subjected to discrimination based on her sex, pregnancy and/or related medical conditions disability by ECPS, and agents thereof.

11. At the time of her constructive termination, Plaintiff was a pregnant female and member of a protected class.

12. Other employees of ECPS were not subjected to the same or similar treatment.

13. Defendant has fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and is covered employers under Title VII.

14. Defendant has fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and is covered employers under PDA.

15. Defendant has fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and is covered employers under the Americans with Disabilities Act.

16. These discriminatory actions taken against Plaintiff led Plaintiff to file this Complaint in this honorable Court.

17. At the time of Plaintiff's termination, she was employed full-time and on FMLA leave.

18. Plaintiff began employment with ECPS on or around August 13, 2014, for the position of Administrative Assistant at ECPS for which she was qualified.

19. Plaintiff was employed as an Administrative Assistant at ECPS and continued in that role through her employment with Defendant.

20. Plaintiff had never been written-up during her time at ECPS.

21. In April 2021, Plaintiff found out she was pregnant and put her employer, ECPS on notice.

22. ECPS were fully aware of Plaintiff's status as a pregnant woman.

23. In November 2021, Plaintiff submitted an FMLA request, for maternity leave in December, as she was expecting her newborn to arrive in December.

24. Plaintiff's FMLA request was approved for maternity leave.

25. On November 16, 2021, Plaintiff went to see her doctor, and she was informed she was dilated at 4 centimeters.

26. Plaintiff communicated this to Defendant, ECPS, and informed them her FMLA leave would need to start early. Defendant did not object to the same.

27. On December 1, 2021, Plaintiffs newborn was born via emergency C-Section.

28. On January 5, 2022, Plaintiff sent a text message to the temporary substitute for her position while she was out on FMLA leave, that she could not return on February 1st or 2nd because of medical issues affecting her childcare arrangements for her newborn.

29. On January 31, 2022, Plaintiff was diagnosed with COVID-19, and sent a photo to her superior, Sarah Senger, informing her she could not return to work for the two-week time period required by the Center for Disease Control (CDC).

30. On February 10, 2022, Plaintiff emailed Lisa Hunt, Payroll Clerk/Specialist at the Board of Education, to inform her that she had been severely sick and was waiting on lab work.

31. On February 14, 2022, Plaintiff again emailed Lisa Hunt to inform her that she was hospitalized due to complications after giving birth.

32. On February 21, 2022, Plaintiff was again hospitalized for ten (10) Days due to complications after giving birth.

33. On February 21, 2022, Plaintiff's mother called Lisa Hunt, and informed her that Plaintiff was once again hospitalized, and she would return to work once she was released from the hospital and cleared by her doctor.

34. Plaintiff was released from the hospital on March 1, 2022, and returned to work on March 8, 2022.

35. When Plaintiff returned to work, she was told by Lisa Hunt that she was constructively terminated due to lack of communication and was informed she would need to report with the Board of Education.

36. As a result of Defendants' actions, Plaintiff has sustained the following injuries: loss of employment, loss of career path and opportunity, loss of wages, loss of fringe benefits, and other compensation; and consequential and compensatory damages including, but not limited to, those for loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

37. As a result, Plaintiff has been damaged well in excess of $75,000.

38. All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, or in reckless disregard for the legal rights of Plaintiff.

## COUNT I: RETALIATION AND INTERFERENCE WITH PLAINTIFF'S RIGHTS IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2615

39. Plaintiff reasserts and incorporates by reference paragraphs 1–38 as set forth above as if fully restated herein.

40. Plaintiff was approved to take FMLA leave for her maternity leave.

41. Defendant retaliated against Plaintiff for utilizing FMLA leave, and Plaintiff was wrongfully terminated while on FMLA leave, which was previously approved.

42. Retaliation against the Plaintiff for Plaintiff's exercise of his rights under the FMLA and interference with Plaintiff's utilization of FMLA leave are in violation of 29 U.S.C. § 2615.

43. Defendants' actions were willful as defined by the FMLA.

44. As a result of such interference and/or retaliation, Plaintiff is entitled to actual and equitable damages including lost wages (past, present and future and for the value of benefits associated with such earnings), pre-judgment interest, attorneys' fees and costs.

45. Because the actions of the Defendants were not taken in good faith, Plaintiff is entitled to an award of liquidated damages.

## COUNT II: ILLEGAL DISCRIMINATION BASED UPON PREGNANCY IN VIOLATION OF PREGNANCY DISCRIMINATION ACT OF 1978

46. Plaintiff reasserts and incorporates by reference paragraphs 1–45 as set forth above as if fully restated herein.

47. The Pregnancy Discrimination Act of 1978 prohibits employers from discriminating against employees on the basis of pregnancy.

48. Prior to her termination, Defendant had knowledge of Plaintiff's pregnancy.

49. Defendant subjected Plaintiff to disparate treatment when Defendant terminated Plaintiff due to her status as a pregnant woman.

50. Defendant did not subject any non-pregnant individuals to the same treatment Plaintiff was subjected to.

51. Any reasons given for the adverse actions taken against Plaintiff are pretextual in nature.

52. The discrimination against Plaintiff altered the terms, conditions, or privileges of their employment.

53. Defendant did nothing to attempt to remedy the wrongs suffered by Plaintiff.

54. Defendant's acts and omissions violated Plaintiff's rights secured by 42 U.S.C. § 1981.

55. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraphs 34-37.

56. Plaintiff is entitled to and seek all legal and equitable remedies available to a prevailing plaintiff under 42 U.S.C. § 1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

## COUNT III: ILLEGAL DISCRIMINATION BASED UPON DISABILITY IN VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT ("OADA"), 25 O.S. § 1101 *et. seq.*

57. Plaintiff reasserts and incorporates by reference paragraphs 1–56 as set forth above as if fully restated herein.

58. The acts and omissions described above violate the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. § 1101 *et. seq.*

59. As a result of Defendants' discriminatory and retaliatory actions against Plaintiff, Plaintiff has suffered the losses and damages described in paragraphs 38-40.

60. As such, Plaintiff is entitled to recover from Defendants all actual and compensatory damages, including, but not limited to, damages for back pay, front pay, humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety resulting from his wrongful discharge, as well as punitive damages.

61. Plaintiff is also entitled, under 25 O.S. §§ 1350(H) and 1506.8, to recover court costs and attorney fees incurred in pursuing this action.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court grants to the Plaintiff the following relief:

    a.    Back pay, in amounts to be determined at trial;

    b.    Front pay, in amounts to be determined at trial;

    c.    Emotional distress and punitive damages;

    d.    Compensatory and consequential damages;

    e.    Injunctive or declaratory relief;

    f.    Pre-judgment and post-judgment interest at the highest lawful rate;

    g.    Attorneys' fees and costs of this action, including expert witness fees, as appropriate;

    h.    That Defendant be enjoined and restrained from engaging in further discriminatory conduct; and

    i.    Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

Dated:  May 16, 2023.

Respectfully submitted,

*/s/ Katherine Mazaheri*
Katherine Mazaheri, OBA #21746
Mazaheri Law Firm, PLLC
3000 W. Memorial Rd., Suite 230
Oklahoma City, OK 73120
Telephone: (405) 414-2222
Facsimile: (405) 607-4358
katherine@mazaherilaw.com
*Attorney for Plaintiff*

***ATTORNEY'S LIEN CLAIMED***